WORKERS' COMPENSATION APPEAL BOARD (NORTH AMERICAN TELECOM), Respondents.

Supreme Court of Pennsylvania.

Jan. 9, 2009.

*ORDER*

PER CURIAM.

AND NOW, this 9th day of January, 2009, the Petition for Allowance of Appeal is **GRANTED.** The issues for consideration, as rephrased for clarity are:

1) Under 77 P.S. § 772, what burden of proof must a claimant who leaves a modified duty position to accept other employment, which involuntarily ends due to no fault of the claimant, meet in order to obtain reinstatement of his or her worker's compensation benefits, if the claimant remains disabled by his original work related injury?

2) The parties are also to address in their briefs the question of how 77 P.S. § 772 allocates the burden of proof as between the claimant and the employer in reinstatement proceedings. *See Stevens v. W.C.A.B. (Consolidation Coal Company)*, 563 Pa. 297, 760 A.2d 369 (2000).

■

Anna GRAY, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD and Philadelphia Housing Authority, Respondents.

Supreme Court of Pennsylvania.

Jan. 12, 2009.

*ORDER*

PER CURIAM.

AND NOW, this 12th day of January, 2009, the Petition for Allowance of Appeal

---

1. Procedurally, 39 EAP 2008 and 1 EAP 2009 are different. In 39 EAP 2008, Appellants filed an emergency application in this Court for what amounts to a stay of the Commonwealth Court's order in the underlying dispute. In 1 EAP 2009, Appellants essentially filed an appeal of the Commonwealth Court's affirming the trial court's denial of Appellants' request for a preliminary injunction. Even with our deferential standard of review

of orders disposing of grants or denials of requests for prohibitory preliminary injunctions, I believe that the extraordinary circumstance presented here, which involves the potential loss of life and limb as a result of the denial of the preliminary injunction, compels the conclusion that the lower court's order is not based on the exercise of legally sustainable reason.

is **GRANTED,** and the Order of the Commonwealth Court affirming the determination of the Workers' Compensation Appeal Board suspending Petitioner's benefits is **REVERSED.** The matter is hereby **REMANDED** to the Commonwealth Court, for remand to the Workers' Compensation Appeal Board, for remand to the workers' compensation judge for reinstatement of petitioner's benefits in light of the competent, uncontroverted evidence presented by Petitioner that her retirement from the work force was involuntary, and her increased, debilitating shoulder pain prevented her from continuing to work.